UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL NEAL MARTIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00139 |
| | § | |
| LARRY R BUSBY, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Daniel Neal Martin filed the present 28 U.S.C. § 2241 petition on May 22, 2023, while he was a state pretrial detainee at the Live Oak County Jail ("the Jail") in George West, Texas. (D.E. 1). In his petition, Martin alleges that he has been improperly denied a bond hearing and that his trial has been continued multiple times. Respondent filed a motion to dismiss under Rule 12(b)(1) for lack of jurisdiction, to which Martin has not responded. (D.E. 11). For the reasons discussed further below, it is recommended that Respondent's motion to dismiss (D.E. 11) be **GRANTED** and Martin's petition (D.E. 1) be **DISMISSED AS MOOT**.

### I. BACKGROUND

*a. Petition*

In his petition, Martin claims that he has been incarcerated as a pretrial detainee since March 29, 2022, without a bond hearing or reduction. (D.E. 1 at 6). Bond in one of his cases was set at $100,000, and bond in his other case was set at $30,000. (*Id.* at 2). At

the time of his petition, his trial date was scheduled for June 12, 2023, after previously being reset seven times. (*Id.* at 6). Martin also notes that he has two other lawsuits before the Fifth Circuit and alleges that his civil rights were violated when a jail officer used excessive force against him. (*Id.*). Martin's request for relief is that he be released on bond while he awaits trial. (*Id.* at 7).

      *b. Evidence*

On June 12, 2023, the state district court ordered Martin's release on personal-recognizance bonds. (D.E. 11-2 at 1-12).

Larry R. Busby, the sheriff of Live Oak County, stated in an August 19, 2023, declaration that Martin was released from confinement in the Live Oak County Jail on June 13, 2023. (D.E. 11-1 at 1).

On July 13, 2023, this Court's June 22, 2023, order for service of process was returned as undeliverable with a notation indicating that Martin was no longer at the address provided. (D.E. 5 at 2).

**II. DISCUSSION**

In the motion to dismiss, the Respondent contends that Martin's petition is now moot because he has been released on bond and is no longer in the custody of the Jail. (D.E. 11 at 1-2). Respondent contends that, as in *Herndon v. Upton*, 958 F.3d 443 (5th Cir. 2021), there is no longer a live case or controversy for which this Court can grant any relief. (*Id.* at 2).

Martin has not filed a response.

In *Herndon*, the petitioner filed a § 2241 petition in the Northern District of Texas, where she was incarcerated at the time, seeking additional credit against her sentence for time previously spent on home confinement. *Herndon*, 958 F.3d at 445. While the petition was pending, she was released from prison and began a term of supervised release. The district court *sua sponte* dismissed her petition as moot because she was no longer incarcerated. *Id.* The Fifth Circuit affirmed the district court's dismissal, concluding that "there was no longer a live case or controversy for which any relief could be granted" because the petitioner had already received the sole relief sought in her petition. *Id.* at 446. Thus, the petition was moot and the district court lacked jurisdiction to consider it. *Id.*

Here, Martin's petition is analogous to the petition at issue in *Herndon*. It is undisputed that he was in custody at the Jail at the time he filed his petition. However, while the petition was pending, he was released on bond. (D.E. 11-1 at 1-2; D.E. 11-2 at 1-12). The only relief Martin requested in his petition was release on bond. (D.E. 1 at 7). He has already received the sole relief sought in his petition, which is therefore moot. With no live case or controversy for which relief can be granted, this Court lacks jurisdiction over Martin's petition. *Herndon*, 958 F.3d at 445-46.

Finally, Martin's civil rights claim is appropriate for a civil rights lawsuit under 42 U.S.C. § 1983, not a habeas petition. Martin already raised this claim in a separate § 1983 lawsuit. (*See* S.D. Tex. Case No. 2:22-cv-00156, D.E. 41 at 7-8).

## III.  RECOMMENDATION

Accordingly, it is recommended that Respondent's motion to dismiss (D.E. 11) be **GRANTED** and Martin's petition (D.E. 1) be **DISMISSED AS MOOT**.

Respectfully submitted on September 26, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).